USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2-25-2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------ x
JANIMARY HERNANDEZ, *on behalf of herself and the Class*,

                 Plaintiff,

v.

J. C. PENNEY COMPANY, INC.,

                 Defendant.
------------------------------------------------ x

Case No.: 18-CV-05759

ECF Case

## [PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING SETTLEMENT CLASS, (2) GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, (3) DIRECTING DISSEMINATION OF NOTICE AND RELATED MATERIAL TO THE CLASS, AND (4) SETTING DATE FOR FINAL APPROVAL HEARING AND RELATED DATES

After participating in a private mediation session, and despite their adversarial positions in this matter, Named Plaintiff Janimary Hernandez ("Plaintiff") and Defendant J.C. Penney Company, Inc. ("Defendant") negotiated a settlement of this litigation. The terms of the proposed settlement ("Settlement") are set forth in the proposed Settlement Agreement and Release ("Settlement Agreement").

On February 14, 2020, Plaintiff filed a Notice Of Motion For Order (1) Conditionally Certifying Settlement Class, (2) Granting Preliminary Approval To Proposed Class Action Settlement And Plan Of Allocation, (3) Directing Dissemination of Notice And Related Material To The Class, and (4) Setting Date For Final Approval Hearing And Related Dates ("Motion"). In her Motion, Plaintiff requested that, for settlement purposes only, this Court conditionally certify a class under Federal Rule of Civil Procedure 23. Plaintiff also requested that the Court

1

grant preliminary approval to the Settlement Agreement, attached as Exhibit A to the Declaration of C.K. Lee ("Lee Decl."), including the plan of allocation in that Agreement, and that the Court approve a proposed Notice of Proposed Settlement of Class Action Lawsuit and Final Approval Hearing ("Class Notice," Lee Declaration, **Exhibit B**). Having reviewed the Settlement Agreement and Motion, along with the Parties' prior submissions in this matter, the Court now FINDS, CONCLUDES, AND ORDERS as follows:

I. **Background**

Plaintiff brings claims under the Telephone Consumer Protection Act ("TCPA"). Plaintiff claims, *inter alia*, that Defendant violated the TCPA by sending multiple commercial text messages to Plaintiff Hernandez and others similarly situated, without the prior express consent required by law. Plaintiff, for herself and others she claims are similarly situated, sought to recover, *inter alia*, statutory or treble damages for each violation of the TCPA, an Order enjoining Defendant from further violations of the TCPA, and attorneys' fees and costs. Defendant has disputed, and continues to dispute, Plaintiff's allegations in this lawsuit, and Defendant denies any liability for any of the claims that have or could have been alleged by Plaintiff or the persons that she seeks to represent.

II. **Definition Of The Settlement Class**

The Parties have entered into the Settlement Agreement solely for the purposes of compromising and settling their disputes in this matter. As part of the Settlement Agreement, Defendant has agreed not to oppose, for settlement purposes only, conditional certification under Federal Rules of Civil Procedure 23(c) of the Settlement Class as defined in Section 2.6(c) of the Settlement Agreement.

## III. Rule 23 Certification of the Class

Preliminary settlement approval, provisional class certification, and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring all Class members are notified of the terms of the proposed Agreement, and setting the date and time of the final approval hearing. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 790-92 (3d Cir. 1995) (noting practical purposes of provisionally certifying settlement class); *Almonte v. Marina Ice Cream Corp.*, No. 1:16-CV-00660 (GBD), 2016 WL 7217258, at *2 (S.D.N.Y. Dec. 8, 2016) (conditionally certifying wage and hour settlement class and granting preliminary approval); *Clem v. Keybank, N.A.*, No. 13 CIV. 789 JCF, 2014 WL 1265909, at *2 (S.D.N.Y. Mar. 27, 2014) (same). In examining potential conditional certification of the Class, the Court has considered: (1) the allegations, information, arguments and authorities cited in the Motion for Preliminary Approval and supporting memorandum and declarations; (2) the allegations, information, arguments and authorities provided by the Parties in connection with the pleadings and motions filed by each of them in this case; (3) information, arguments, and authorities provided by the Parties in conferences and arguments before this Court; (4) Defendant's conditional agreement, for settlement purposes only, not to oppose conditional certification of the Class; (5) the terms of the Settlement Agreement, including, but not limited to, the definition of the Class; and (6) the elimination of the need, on account of the Settlement, for the Court to consider any trial manageability issues that might otherwise bear on the propriety of class certification. The parties have provided the Court with information "sufficient to enable it to determine whether to give notice of the proposal to the class." Fed. R. Civ. P. 23(e)(1). Notice to class members who would be bound by the Settlement is justified by the parties' showing

"that the [C]ourt will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B).

This Court finds (exclusively for the present purposes of evaluating the Settlement) that Plaintiff meets all the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3). As required under Rule 23(a), Plaintiff has demonstrated that the Class is sufficiently numerous, that there are common issues across the Class, that the Plaintiff's claims are typical of the Class, and that the Plaintiff and her attorneys would be effective as Class Representative and Class counsel, respectively. The Court also finds that the common issues identified by Plaintiff predominate over any individual issues in the case such that class action is superior in this context to other modes of litigating this dispute. Because the class certification request is made in the context of settlement only, the Court need not address the issue of manageability. The Court therefore concludes that the purported Class satisfies the elements of Rule 23(b)(3). Accordingly, pursuant to Rule 23(c) and (e), the court certifies this Class for the purposes of settlement, notice and award distribution only.

Should this Settlement not receive final approval, be overturned on appeal, or otherwise not reach completion, the Class certification granted above shall be dissolved immediately upon notice to the Plaintiff and Defendant, and this certification shall have no further effect in this case or in any other case. Plaintiff will retain the right to seek class certification in the course of litigation, and Defendant will retain the right to oppose class certification. Neither the fact of this certification for settlement purposes only, nor the findings made herein, may be used to support or oppose any Party's position as to any future class certification decision in this case, nor shall they otherwise have any impact on such future decision.

## IV. Appointment Of Class Representative, Class Counsel, And Claims Administrator

Named Plaintiff Janimary Hernandez is appointed as representative of the Class, under Rule 23.

C.K. Lee, Esq. of Lee Litigation Group, PLLC is appointed as class counsel for the Class ("Class Counsel").

The parties intend to retain either RUST Consulting or Epiq as Claims Administrator.

## V. Disposition Of Settlement Class If Settlement Agreement Does Not Become Effective

If, for any reason, the Settlement Agreement ultimately does not become effective, Defendant's agreement not to oppose conditional certification of the Class shall be null and void in its entirety; this Order conditionally certifying the Class shall be vacated; the Parties shall return to their respective positions in this lawsuit as those positions existed immediately before the Parties executed the Settlement Agreement; and nothing stated in the Settlement Agreement, the Motion, this Order, or in any attachments to the foregoing documents shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action. In particular, the Class certified for purposes of settlement shall be decertified, and Defendant will retain the right to contest whether this case should be maintained as a class action and to contest the merits of the claims being asserted by Plaintiff.

## VI. Preliminary Approval Of The Terms Of The Settlement Agreement, Including The Proposed Plan Of Allocation

The Court has reviewed the terms of the Settlement Agreement and the description of the Settlement in the Motion papers. Based on that review, the Court concludes that the Settlement is within the range of possible Settlement approval such that notice to the Class is appropriate.

The Court has also read and considered the declaration of Class Counsel in support of preliminary approval. Based on review of that declaration, the Court concludes that the Settlement was negotiated at arm's length and is not collusive. The Court further finds that Class Counsel were fully informed about the strengths and weaknesses of the Class' case when they entered into the Settlement Agreement.

As to the proposed plan of allocation, the Court finds that the proposed plan is rationally related to the relative strengths and weaknesses of the respective claims asserted. The proposed plan of allocation is also within the range of possible approval such that notice to the Class is appropriate.

Accordingly, the Court hereby grants preliminary approval to the Settlement Agreement and the Plan of Allocation.

## VII. Approval Of The Form And Manner Of Distributing Class Notice and Opt-Out Statement

Plaintiff has also submitted for this Court's approval a proposed Class Notice. The proposed Class Notices appear to be the best forms of notice practical under the circumstances and appear to allow the Class Members a full and fair opportunity to consider the Parties' proposed settlement and develop a response. The proposed plan for distributing the Class Notices appears to be a reasonable method calculated to reach all Class Members who would be bound by the settlement.

The Class Notices fairly, plainly, accurately, and reasonably inform Class Members of: (1) appropriate information about the nature of this litigation, the settlement class at issue, the identity of Class Counsel, and the essential terms of the Settlement Agreement and Settlement; (2) appropriate information about Class Counsel's forthcoming application for attorneys' fees and other payments that will be deducted from the settlement fund; (3) appropriate information

about how to participate in the Settlement; (4) appropriate information about this Court's procedures for final approval of the Settlement Agreement and Settlement; (5) appropriate information about how to challenge or opt-out of the Settlement, if they wish to do so; (6) appropriate information about how to notify the Claims Administrator of any address changes; and (7) appropriate instructions as to how to obtain additional information regarding this litigation, the Settlement Agreement, and the Settlement.

The Court, having reviewed the proposed Class Notices, finds and concludes that the proposed plan for distributing the same will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), and satisfies all other legal and due process requirements. Accordingly, the Court hereby Orders as follows:

1. The form and manner of distributing the proposed Class Notices are hereby approved.

2. Promptly following the entry of this Order, the Claims Administrator shall prepare final versions of the Class Notices, incorporating into the Class Notice the relevant dates and deadlines set forth in this Order.

3. Defendant will make all reasonable efforts to ensure that the Claims Administrator receives, within twenty-one (21) calendar days of the date of entry of this Order, the Class List specified in the Settlement Agreement.

4. Within thirty (30) calendar days of the date of entry of this Order, the Claims Administrator shall deliver, via email, the final version of the Class Notices using each Class Member's last known email address. The Claims Administrator shall take reasonable steps to obtain the correct contact information of any Class Member for whom the notice is returned as undeliverable and otherwise to provide the Class Notice. The Claims Administrator

will attempt a second delivery of the Class Notices to Class Members for whom the first delivery is returned as undeliverable, by first-class mailing. The Claims Administrator shall notify Class Counsel and Defendant's Counsel of any notices sent to Class Members that is returned as undeliverable after the first delivery, as well as any such notice returned as undeliverable after the subsequent delivery.

5. The Claims Administrator shall take all other actions in furtherance of claims administration as are specified in the Settlement Agreement.

VIII. **Procedures For Final Approval Of The Settlement**

The Court hereby schedules, for July 28, 2020, at the hour of 10:00 a.m. in 18D, hearing to determine whether to grant final certification of the Settlement Class and final approval of the Settlement Agreement and the Plan of Allocation (the "Final Approval Hearing"). At the Final Approval Hearing, the Court also will consider any petition that may be filed for the payment of attorneys' fees and costs/expenses to Class Counsel, and any service payments to be made to the Plaintiff. Class Counsel shall file their petition for an award of attorneys' fees and reimbursement of costs/expenses and the petition for an award of service payments no later than 10 days prior to the Final Approval Hearing. All objections and opt-outs shall be filed in the manner described in the Settlement Agreement.

DATED: 2/25/2020

_____
The Honorable Robert W. Lehrburger
United States Magistrate Judge